## MANDT v. GARFIELD ET AL.

PROMISSORY NOTES: EVIDENCE: CUSTOM.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, SEPTEMBER 19.

ACTION to foreclose a mortgage executed to secure certain promissory notes. There was a trial to the court without a jury and judgment for defendants. Plaintiff appeals.

*H. T. Reed,* for appellant.

No appearance for appellees.

BECK, J.—The defendants in their answer, as a defense to the action, allege that the notes were given for a gaming debt; that the defendants did wager with the payees of the notes that a given number of bushels of wheat would sell in Milwaukee, Wisconsin, at a fixed time for more than a stated sum, and that by the terms of the wager if the wheat did not sell for the price named the defendants undertook to pay the difference between such price and the actual market price at the time agreed upon; that such difference was ascertained and the notes secured by the mortgage given therefor. Upon the trial it appeared from defendants' evidence that they had employed the payees of the notes to purchase wheat for them to be delivered at a future day; that sundry purchases were made by the payees of the notes, who were commission merchants residing at Milwaukee, under such employment; and that, upon the report of the sales of the grain as made by the payees of the notes, defendants were found to be indebted in the amount secured by mortgage. The notes were assigned to plaintiff after maturity.

The testimony of defendants shows that, by the custom of business at Milwaukee, such transactions were had without the receipt or delivery of the grain, which, in truth, does not exist, and that the contract of purchase or sale of grain thereunder is discharged, not by the delivery of the grain, but by the payment of the difference between the contract price and the ruling market price at the time of its performance. Neither defendants nor their witnesses pretended to know whether the transactions were of this character or the grain actually delivered; they supposed they were conducted according to the usual custom prevailing in the city of Milwaukee at the time.

On the other hand. both of the payees of the notes testified positively that the wheat purchased and sold by them on account of defendants, the balance in the transaction constituting the consideration of the notes, was absolutely received and delivered by them for and on account of defendants. There is no contradiction of this testimony. The testimony in support of defendants' answer is of the custom as above stated. It cannot be claimed that the existence of such a custom would prevent the transactions as testified to by plaintiffs' witnesses, or is inconsistent therewith. We cannot, therefore, utterly

disregard the positive and direct evidence of the payees of the notes, standing, as it does, uncontradicted, and hold that the transactions were of the character to accord with the custom established by defendants. We must hold that the evidence established clearly a purchase of wheat and subsequent delivery, and a sale and delivery thereof by the payees of the notes for defendants, and that the notes were given for a balance falling due the commission merchants in such transactions. It cannot be claimed that the consideration of the notes, under this state of facts, is illegal. It becomes unnecessary to inquire whether the notes, if executed for balances due in transactions of the kind which defendants' testimony shows prevails under the customs proved, would be gaming contracts and therefore void. The judgment of the Circuit Court is

REVERSED.